**Fred J. FORD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 20299.

United States Court of Appeals
District of Columbia Circuit.

Argued March 29, 1967.

Decided May 9, 1967.

**124**

Mr. Murdaugh Stuart Madden, Washington, D. C. (appointed by this court), for appellant.

Mr. Elihu Leifer, Atty., Dept. of Justice, with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Nicholas S. Nunzio, Asst. U. S. Attys., and Franklin E. White, Atty., Dept. of Justice, were on the brief, for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

J. SKELLY WRIGHT, Circuit Judge.

This appeal presents again[1] the vexing problem of counsel for co-defendants in a criminal case. Specifically we are presented with the question of the responsibility of the trial judge with respect to the retention or assignment of single counsel to represent co-defendants on trial. In Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 465, 86 L.Ed. 680 (1942), in which Glasser's conviction was reversed because his lawyer was assigned to represent his co-defendant as well, the Court stated: "[T]he 'Assistance of Counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests."

Following the teaching of *Glasser*, in Campbell v. United States, 122 U.S.App. D.C. 143, 352 F.2d 359 (1965), in which retained counsel represented co-defendants, we reversed Campbell's conviction and placed upon the trial court the "responsibility to assure that co-defendants' decision to proceed with one attorney is an informed decision." 122 U.S.App.D. C. at 145, 352 F.2d at 361. We pointed out in *Campbell* that " * * * [a]n individual defendant is rarely sophisticated enough to evaluate the potential conflicts [that can arise from joint representation], and when two defendants appear with a single attorney it cannot be determined, absent inquiry by the trial judge, whether the attorney has made such an appraisal or has advised his clients of the risks. Considerations of efficient ju-

---

1. *See* Campbell v. United States, 122 U.S. App.D.C. 143, 352 F.2d 359 (1965); Lollar v. United States, 126 U.S.App.D.C. ——, 376 F.2d 243 (1967). Lollar was this appellant's co-defendant in the trial in the District Court.

dicial administration as well as important rights of defendants are served when the trial judge makes the *affirmative* determination that co-defendants have intelligently chosen to be represented by the same attorney and that their decision was not governed by poverty and lack of information on the availability of assigned counsel." (Footnote omitted.) (Emphasis added.) *Id.* at 144, 352 F.2d at 360.

In Lollar v. United States, 126 U.S. App.D.C. ——, 376 F.2d 243 (1967), in which, because the defendants were indigent, counsel was appointed by the court to represent Lollar and his co-defendant, the appellant here, we applied the teaching of *Glasser* and *Campbell.* We further indicated, following the suggestion of *Glasser,* 315 U.S. at 70, 62 S.Ct. 457, that the court's advice to co-defendants with respect to proceeding with single counsel, together with their waiver of any rights they may have with respect to separate counsel, should appear on the record. We stated further in *Lollar* that, where the record does not show that co-defendants' decision to proceed with one attorney was an informed one, the burden is on the Government to show beyond a reasonable doubt that the denial of the defendants' rights is harmless error, citing Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 705 (1967).

██ Since there is no record indication here that Ford made an informed decision, after appropriate advice, to proceed with joint counsel, we must determine whether the Government has sustained its burden of establishing beyond a reasonable doubt that the error is harmless. Since we have no way of distinguishing Ford's case, with assurance, from the case [2] of his co-defendant Lollar as to the charges of robbery and assault with a dangerous weapon, we reverse for a new trial as to those counts. As to the

charge of carrying a concealed weapon, we affirm the conviction. The record shows that Ford was found in possession of such a weapon, and Ford's own testimony on trial confirms this fact. Since the general sentence [3] imposed in this case is in excess of the statutory maximum [4] for carrying a concealed weapon, we remand for resentencing on this count.

Counsel for Ford, while relying on the principles announced in *Glasser, Campbell* and *Lollar,* raises another point which requires our attention. Counsel argues that, where the right to separate counsel has not been intelligently waived, reversal should follow without any consideration of prejudice. In support of this argument he points to that part of the Criminal Justice Act, 18 U.S.C. § 3006A(b), which states that "the court *shall* appoint separate counsel for defendants who have such conflicting interests that they cannot properly be represented by the same counsel * * *." (Emphasis added.) Counsel for Ford argues that assigning one counsel to represent more than one defendant may create a conflict between the economic interest of the lawyer and the interests of his clients, because, in deciding whether joint representation may prejudice his clients, he may consciously or subconsciously be influenced by the effect that decision may have on his fee. Thus, counsel argues, separate counsel must in all cases be assigned for each defendant.

██ While, as shown by our disposition of this case, we are not persuaded that all consideration of prejudice is irrelevant where co-defendants are represented by the same counsel, Ford's economic conflict argument is not without force. Moreover, the burden placed on the trial judge by the Act, to decide before trial whether separate counsel for co-defendants are required, is an exceedingly onerous one. Under the circum-

---

**2.** Lollar v. United States, *supra* Note 1.

**3.** *See* Benson v. United States, 5 Cir., 332 F.2d 288 (1964); Walker v. United States, 5 Cir., 342 F.2d 22 (1965).

**4.** 22 D.C.Code § 3204 (1961).

stances, we have concluded that, in order to comply with the Criminal Justice Act, 18 U.S.C. § 3006A(b), as well as the teaching of *Glasser, Campbell* and *Lollar*, hereafter separate counsel for each co-defendant should be appointed initially in every case, with an instruction that if counsel conclude, after fully investigating the case and consulting with their clients, that the interests of justice and of the clients will best be served by joint representation, this conclusion with supporting reasons shall be communicated to the court for such on-the-record disposition as the court deems appropriate in the circumstances.

So ordered.

BAZELON, Chief Judge (dissenting):

Since the court requires a showing of prejudice, and since I do not find prejudice in this record, I would not reverse these convictions. See my dissent in Lollar v. United States, 126 U.S.App.D.C. ——, 376 F.2d 248 (1967). I have serious doubts about the legality of the general sentence imposed in this case. The majority's disposition, though, makes it unnecessary for me to reach this issue.