Lloyd Calvin **HALL**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4409.

District of Columbia Court of Appeals.

Argued Nov. 15, 1967.

Decided Dec. 12, 1967.

Elaine S. Kahn, Washington, D. C., appointed by this court, for appellant.

Carl S. Rauh, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and James E. Kelley, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

Appellant, together with codefendants Melvin Taylor and Raynard Washington, was tried before the court on the charge of carrying a pistol without a license.[1] Taylor and Washington were acquitted on motion at the end of the Government's case.[2] Appellant was convicted of the charge at the close of all of the evidence and sentenced to imprisonment for one year. This appeal cites as error the failure to provide appellant with a full transcript of the proceedings, the failure to suppress evidence seized after an alleged arrest

---

1. D.C.Code 1967, § 22–3204.

2. Taylor was also tried and was convicted of failing to display a valid inspection

sticker, Traffic & Motor Vehicle Regulations for the District of Columbia, Part III, § 17(a) (1957).

without probable cause, and ineffective assistance of counsel. We affirm.

The arresting officer testified that on March 10, 1967, while on patrol in the area of 8th Street and Virginia Avenue, S.E., he observed and stopped an automobile being operated without an inspection sticker. He approached the car to ask the driver, Taylor, for his license and saw appellant Hall seated in the right front seat of the automobile and Washington in the right rear. Because the officer recognized all three men as known narcotics addicts, he told appellant to get out of the car in order that he might make a narcotics vagrancy observation on him. After appellant had stepped out the officer observed on the front seat, next to where appellant had been sitting, the butt of a pistol sticking out from underneath a handkerchief. The officer testified that he promptly told all three men that they were under arrest, but that before he could say anything else appellant shouted out, "It is my gun. Don't lock them up." Appellant was searched and a loaded pistol clip containing five live rounds of ammunition was found in his left coat pocket. It was brought out on cross-examination that appellant later told the officer he had gotten the pistol from a friend. After the motion for judgment of acquittal had been granted as to Taylor and Washington, appellant took the stand and testified that he had the pistol clip in his pocket because it had been given to him by a friend a short time before his arrest. He denied that the pistol had been next to him on the front seat, denied having seen it before the officer showed it to him, and denied telling the officer that it was his.

■ As to the first alleged error we would comment only that the trial was reported in its entirety except for a few preliminary questions of the arresting officer. In addition, the record was supplemented by a statement of proceedings reciting that defense attorney and Government counsel had agreed to proceed without a reporter, but that shortly after the start of the trial a reporter arrived and remained to its conclusion. In our opinion this record is adequate to meet the requirement that a complete transcript be furnished to indigent appellants, Tate v. United States, 123 U.S.App.D.C. 261, 359 F.2d 245 (1966), particularly where there is no showing of prejudice. House v. United States, D.C.App., 234 A.2d 805 (1967).

■ Appellant made no motion to suppress the pistol or the pistol clip either before or at trial, although there was an objection to the admission of the pistol on the ground that the handkerchief that had partially covered it was missing. There was no search in this case, however, since the pistol on the front seat was in plain view of the officer when appellant stepped from the car.[3] It was this observation which gave him probable cause to arrest appellant,[4] and as the subsequent search of appellant's person was pursuant to a legal arrest, the admission into evidence of both the pistol and the pistol clip was proper.

It is alleged that appellant was denied effective assistance of counsel because he shared representation by appointed counsel with two co-defendants whose interests conflicted with his own. The following facts show otherwise. On March 11, 1967, when appellant first appeared in court after his arrest he was charged on a felony complaint with carrying a pistol without a license after conviction of a felony. An attorney was appointed under the Criminal

---

3. Ker v. State of California, 374 U.S. 23, 43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Norman v. United States, 126 U.S.App. D.C. 387, 379 F.2d 164 (1967); Hiet v. United States, 125 U.S.App.D.C. 338, 372 F.2d 911 (1967); Harris v. United States, 125 U.S.App.D.C. 231, 370 F.2d

477 (en banc 1966), cert. granted, 386 U.S. 1003, 87 S.Ct. 1353, 18 L.Ed.2d 432 (1967); Ellison v. United States, 93 U.S. App.D.C. 1, 3, 206 F.2d 476, 478 (1953).

4. D.C.Code 1967, § 23–306.

Justice Act[5] to represent him at the preliminary hearing, set for March 23, 1967. Taylor and Washington were charged on a misdemeanor information with carrying a pistol without a license and the same attorney was appointed to represent them at trial, also set for March 23, 1967. On that date appellant was held for action of the grand jury and the case against Taylor and Washington was continued to April 7, 1967. On March 28, appellant's felony complaint was dismissed in the United States District Court for the District of Columbia and he was charged on a misdemeanor information in the District of Columbia Court of General Sessions with carrying a pistol without a license. A second attorney was appointed under the Criminal Justice Act to represent appellant, but after consultation with his client counsel informed the court that appellant would like to be represented by the attorney originally appointed on March 11. The court, acquiescing in this request, appointed original counsel to represent appellant at trial, set for April 4, 1967. When appellant failed to appear for trial on April 4, a bench warrant was issued for his arrest, returnable April 7, 1967. On this latter date all three defendants appeared and were tried together before the court.

As the record is somewhat ambiguous on this score, we will assume that appellant made no informed waiver of his right to separate counsel by his apparent affirmative choice to be represented by the same attorney appointed to represent Taylor and Washington, and will consider only whether appellant was prejudiced by such joint representation.

■ It seems clear from the authorities that some prejudice must be shown, although its precise degree need not be measured. Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Ford v. United States, 126 U.S.App.D.C.

346, 379 F.2d 123, 125 (1967); Lollar v. United States, 126 U.S.App.D.C. 200, 376 F.2d 243, 247 (1967); Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965).[6] The standard to be applied is whether, on the record, the reviewing court can arrive at an "informed speculation" of some prejudice, or, conversely, whether it is convinced beyond a reasonable doubt that joint representation did not result in prejudice. Lollar v. United States, supra.

■ The possible prejudice suggested here is that an adequate defense of appellant required considerations not necessarily relevant to the defense of Taylor and Washington. However, we find it difficult to see how the failure to demand a jury trial or to move to suppress, cited by appellant as examples from which an inference of prejudice can be made, can be traced to the fact that all three defendants were represented by one attorney. Nor can we draw any inference of prejudice from the failure to call Taylor and Washington as witnesses in appellant's behalf. They were available when appellant was initially scheduled for separate trial and, for whatever reason, failed to appear in court on the date set. Then too, after the judgment of acquittal in the joint trial had been granted, appellant, as the sole defendant, could have called Washington and Taylor as witnesses if he had thought that their testimony would have been of value. These nebulous considerations cannot, in our opinion, form the basis of an informed speculation that the joint representation was in any way prejudicial to appellant. The evidence against him was strong, and it is an understatement to say that the case against Taylor and Washington was weak. Under the circumstances of this case, we hold that the Government has shown beyond a reasonable doubt that the failure to appoint separate counsel was harmless error.

---

5. 18 U.S.C. § 3006A.

6. This court has recently applied this principle in Lord v. District of Columbia, D.C.App., 235 A.2d 322 (1967).

Although the conviction here is sustained, we would point up, with emphasis, the language of Ford v. United States, supra.[7]

"Moreover, the burden placed on the trial judge by the [Criminal Justice] Act, to decide before trial whether separate counsel for co-defendants are required, is an exceedingly onerous one. Under the circumstances, we have concluded that, in order to comply with the Criminal Justice Act, 18 U.S.C. § 3006(A) (b), as well as the teaching of Glasser, Campbell and Lollar, hereafter separate counsel for each co-defendant should be appointed initially in every case, with an instruction that if counsel conclude, after fully investigating the case and consulting with their clients, that the interest of justice and the clients will best be served by joint representation, this conclusion with supporting reasons shall be communicated to the court for such on-the-record disposition as the court deems appropriate in the circumstances."

Affirmed.

7. 126 U.S.App.D.C. at —, 379 F.2d at 125, 126.