■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVE CESARE and JOSEPH CRUZ, Appellants.— Two judgments of the Supreme Court, Kings County, one rendered September 2, 1965 as to defendant Cesare and one September 9, 1965 as to defendant Cruz, each convicting the respective defendant of attempted burglary in the third degree and possession of burglar's instruments as a felony, upon a jury verdict, modified, on the law, by reducing the sentence on the latter count as to each defendant to one year. As so modified, judgments affirmed. The findings of fact below have been affirmed. On this appeal, defendants contend, *inter alia,* that they were denied the effective assistance of counsel by reason of the fact that they were jointly represented by a single attorney who had been assigned to act as counsel for both of them. Under the circumstances of this case, we find this claim to be without merit. While it is true that it may be error for the court to proceed with the trial where two or more defendants, *whose interests are in conflict,* are represented by the same assigned counsel (*People v. Powell,* 21 A D 2d 789; *People v. Sprinkler,* 16 A D 2d 705), absent a conflict of interest which interferes with the proper presentation of the defense of one or more of the codefendants the mere fact that the codefendants are represented by the same counsel is not grounds for reversal (*Lugo v. United States,* 350 F. 2d 858). Such an assignment is not, in itself, a denial of effective assistance of counsel. It is clear that some conflict of interest must be shown before a defendant can successfully claim that the joint representation deprived him of his right to counsel (*United States v. Dardi,* 330 F. 2d 316, 335). In our opinion, there has been no persuasive showing of any such conflict of interest between the codefendants. Moreover, our review of the record demonstrates that not only were the interests of the defendants not inconsistent, as, for example, they might be in a case where each of the defendants has made statements exculpating himself and inculpating his codefendant (cf. *People v. Sprinkler, supra*), but also that attorney's representation, which fully protected and preserved the rights of each defendant, was no less effective than it would have been if he had represented either defendant alone. We have examined each of the remaining arguments urged by defendants and conclude that, neither individually nor collectively, do any of them constitute ground for reversal. One further point, however, merits consideration, although not raised by defendants on this appeal. The trial court, with the consent of the District Attorney, charged the jury " to consider the count (second) only as charging possession of burglars' instruments as a misdemeanor."

However, the court subsequently sentenced each defendant on the second count as if he had been convicted of a felony. Consequently, the sentence imposed on the second count as to each defendant cannot stand and, accordingly, the term of imprisonment on said count as to each defendant should be reduced to one year, to run concurrently with the sentence imposed on the first count (Code Crim. Pro., § 543). Beldock, P. J., Christ and Munder, JJ., concur; Brennan, J., concurs in the disposition as to defendant Cesare, but dissents as to Cruz and votes to reverse his judgment and grant him a new trial, with the following memorandum, in which Benjamin, J., concurs: At the *Huntley* (*People* v. *Huntley,* 15 N Y 2d 72) hearing and at the trial, Correction Officer Arno, the sole witness at the hearing and the principal witness at the trial, testified, in substance, that on the morning of October 27, 1964 at 2:15 A.M. he saw defendants in front of a grocery store. He observed defendant Cesare "jimmying" a lock on the door of the store and defendant Cruz standing lookout. Cruz turned around and said "[s]omebody is coming". Officer Arno approched defendants with his revolver drawn, identified himself as an officer and ordered them to raise their hands and stand against a wall until assistance arrived. In Cruz' presence, he asked Cesare "[w]hat are you doing" and Cesare replied that "he was trying to break in * * * to get money for his habit." The statement was found to be voluntary by the hearing judge and was introduced at the trial, without objection, through the testimony of Officer Arno.[1] Neither defendant took the stand and the court assigned attorney failed to request that the question of voluntariness be submitted to the jury (cf. *People* v. *Vella,* 21 N Y 2d 249; *People* v. *Castro,* 19 N Y 2d 14).[2]

The Assistant District Attorney, in his summation at the trial, referred to Cesare's statement and stated that Officer Arno testified "that the defendant [Cesare] said *they* were trying to break in" and, therefore, Cesare's admission was binding upon Cruz because they were a "team acting in concert." The court reiterated this contention and instructed the jury, in effect, that, if they believed such was the fact, the defendants should be convicted. (No exception was taken.) The court also observed, in reconstructing the testimony, that Officer Arno had testified that Cesare said *he* was trying to break in and admonished the jury to consider the facts as they recalled them and not as the District Attorney or

1. At the *Huntley* hearing defense counsel requested that Cesare's statement be excluded because it was made while he was "in-custody" and without the benefit of the *Miranda* warnings (*Miranda* v. *Arizona,* 384 U. S. 436). The motion was properly denied on this ground as the trial was completed on June 2, 1965 and *Miranda* has not been accorded retrospective application (*Johnson* v. *New Jersey,* 384 U. S. 719; *People* v. *McQueen,* 18 N Y 2d 337). Moreover, the record does not present any issue of voluntariness.

2. We are all of the opinion that the failure of the trial court to submit the issue of voluntariness to the jury, in the absence of an exception or request to charge, was not reversible error. The mere request for a preliminary *Huntley* hearing is not sufficient to require the trial court to submit the question of voluntariness to the jury, in the absence of a request therefor (*People* v. *Cefaro,* 21 N Y 2d 252; *People* v. *Donohue,* 21 N Y 2d 655; *People* v. *Rensing,* 20 N Y 2d 936; *People* v. *Watts,* 29 A D 2d 878; *People* v. *Baksys,* 26 A D 2d 648; cf. *People* v. *Mials,* 27 A D 2d 944). Moreover, if error did occur it was harmless beyond a reasonable doubt (*Chapman* v. *California,* 386 U. S. 18; *Fahy* v. *Connecticut,* 375 U. S. 85; *People* v. *Savino,* 20 A D 2d 901, affd. 15 N Y 2d 778, cert. den. 382 U. S. 991, affd. on reargument 22 N Y 2d 723.). However, we in the minority believe that the failure to request the submission of the voluntariness question to the jury lends credence to Cruz' contention that he was prejudiced by the single attorney representation.

the court remembered them.[3]  Defendants contend that they were denied the effective assistance of counsel by the failure of the trial court, in the absence of a request, to assign additional counsel when it appeared that their interests were in conflict.  In placing this contention in its proper context it is necessary to refer to what transpired at the conclusion of the *Huntley* hearing.  " [Defense Counsel]: Your Honor, I respectfully move that any statements made, or any statements be attributed to the defendant Steve Cesare, will not be attributed to the codefendant, Joseph Cruz.  The Court: Up to this point I have the statement made only by the defendant Cesare.  We are concerned only now, at this time — I say again — with the question of voluntariness.  I have denied your motions.  Now we will commence the trial of the case, and, of course, at the appropriate time, *you make the appropriate objections*".  However, at trial, defense counsel failed to make the *appropriate objections*; no limiting instruction was *ever* issued; and the jury was not charged at the close of the case on the nonbinding effect of the statement as to Cruz.[4]  Nevertheless, the majority conclude that since Cesare's statement did not *expressly* implicate Cruz it did not prejudice him and consequently the assignment of a single attorney to represent defendants' interests did not substantially impinge upon Cruz' constitutional rights.  Parenthetically, it is interesting to note that the People do not argue that no conflict of interest existed, but instead contend that the statement was admissible against both defendants or that the Legal Aid Society had absolute discretion in choosing the number of attorneys to represent defendants.  Neither contention has merit.[5]  Accordingly, in our opinion, once the testimony of Officer Arno is carefully considered in its totality (which placed Cruz at the scene of the crime as a "lookout" while Cesare made his incriminating admission), it becomes perfectly clear that Cesare's admission was highly prejudicial to Cruz (cf. *People v. Burrelle*, 21 N Y 2d 265) and indicated that a divergence of interest existed.  This conflict of interest in presenting different lines of

3. At this point, defense counsel should have objected and requested a charge that the admission was not binding on the nondeclarant (*People v. Marshall*, 306 N. Y. 223).  However, the "usual instruction" properly would not have been sufficient in the face of the repeated erroneous references in the summation and charge as to the binding effects of the statement, especially where the court's instructions also "carried the vice" (*People v. Lombard*, 4 A D 2d 666;  see *People v. Oree*, 22 A D 2d 784).  Despite the Judge's attempt to accurately reconstruct the testimony, he did not succeed in instructing the jury not to consider the inadmissible evidence against Cruz and "we think that the District Attorney's remarks vitiated whatever protection the Judge's instructions afforded the defendant" (*People v. Adams*, 21 N Y 2d 397, 401).

4. We are all in agreement that Cesare's statement is not binding on Cruz (1) as a tacit admission (*People v. Allen*, 300 N. Y. 222; *People v. Rutigliano*, 261 N. Y. 103), (2) as part of the *res gestae* (*People v. Davis*, 56 N. Y. 95, 102; 2 Wharton's Criminal Evidence [11th ed.], § 720) or (3) as a spontaneous statement (*People v. Marks*, 6 N Y 2d 67, cert. den. 362 U. S. 912; *People v. Del Vermo*, 192 N. Y. 470).

5. The former argument was disposed of in footnote 4.  As to the latter argument the short answer is that the trial court, and not Legal Aid, has the responsibility and discretion in selecting assigned counsel (*People v. Brabson*, 9 N Y 2d 173; *People v. Buck*, 6 A D 2d 528).  Furthermore, it is incumbent upon the Trial Judge, after assigning counsel, to assure that "the trial is conducted with the solicitude for the essential rights of the accused" (*Glasser v. United States*, 315 U. S. 60, 71).  Consequently, the onus was on the trial court in determining whether the interests of the defendants were mutually antagonistic.

defense was brought home to the trial court at the *Huntley* hearing and the trial judge, at the very least, should have then ordered a continuance and assigned additional counsel (*People* v. *Byrne*, 17 N Y 2d 209). Of course, Cesare was not prejudiced by the instant representation as he was the declarant and an objection for his benefit would have been to no avail. Thus, his conviction, as modified must be affirmed (*Glasser* v. *United States*, 315 U. S. 60). However, defense counsel represented dual interests and could not object on behalf of Cruz, as that would have injured Cesare's position by highlighting the damaging admission. Since the right to counsel " contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one attorney shall simultaneously represent conflicting interests " (*Glasser* v. *United States*, 315 U. S. 60, 70, *supra*), it does not require great imagination to perceive that Cruz' constitutional rights were violated by the joint representation (see *People* v. *Powell*, 21 A D 2d 789; *People* v. *Sprinkler*, 16 A D 2d 705; *People* v. *Fritz*, 279 App. Div. 1020). Concededly, there was no affirmative waiver of the right to the effective assistance of counsel (*Johnson* v. *Zerbst*, 304 U. S. 458) and such right " is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial " (*Glasser* v. *United States, supra*, 76).[6.] The record herein fails to convince " beyond a reasonable doubt " that Cruz was not prejudiced by the joint representation and, therefore, the constitutional violation as to him was not harmless (*Chapman* v. *California*, 386 U. S. 18; *Lollar* v. *United States*, 376 F. 2d 243; *United States ex rel. Williamson* v. *La Vallee*, 282 F. Supp. 968). Accordingly, since the right to counsel in this State has been " painted with broad strokes " (*People* v. *Arthur*, 22 N Y 2d 325), the judgment of conviction as to defendant Cruz should be reversed and a new trial granted.

---

6. The Federal courts have held that the trial court " has a duty to ascertain whether each defendant has an awareness of the potential risks of [joint representation] and nevertheless has knowingly chosen it "; and that the " trial judge has a responsibility to assure that co-defendants' decision to proceed with one attorney is an informed decision " (*Campbell* v. *United States*, 352 F. 2d 359, 360–361; see *Lollar* v. *United States*, 376 F. 2d 243; *Ford* v. *United States*, 379 F. 2d 123; U. S. Code, tit. 18, § 3006A, subd. [b]). While we do not purport to require State trial judges to meet the Federal standards, we do note that the record herein is devoid of any court inquiry as to the propriety of the joint representation (cf. *People* v. *Quick*, 30 A D 2d 561). Furthermore, we observe that since it has been held on motions to withdraw guilty pleas that the trial court must act with an " informed discretion " (see, e.g., *People* v. *Klein*, 26 A D 2d 559, 560), we do not perceive how a lesser duty can be required in a right to counsel context.