Velton WATKINS, Appellant,

v.

Lawrence E. WILSON, Warden, Appellee.

No. 22512.

United States Court of Appeals
Ninth Circuit.

Feb. 20, 1969.

Velton Watkins, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, James B. Cuneo, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL, DUNIWAY and HUFSTEDLER, Circuit Judges.

DUNIWAY, Circuit Judge:

Habeas corpus. Watkins and a co-defendant, Foster, were convicted of murder in California Superior Court. He appealed and his conviction was affirmed. People v. Watkins, 1967, 248 Cal.App.2d 603, 56 Cal.Rptr. 734. In

his habeas corpus petition, Watkins claims denial of effective assistance of counsel because (1) he and Foster were represented at their trial by the same public defender and (2) there was a conflict of interest between him and Foster.

The first point is without merit. Common representation of co-defendants is not *per se*, error, much less error of constitutional dimension. Glavin v. United States, 9 Cir., 1968, 396 F.2d 725, 727, cert. den. 1968, 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262.[1]

Nor was there such a conflict of interest as to violate the Sixth Amendment right to counsel. In deciding this question, the district court did not hold a hearing, but relied upon the trial record and exhibits that were before it. This is proper under 28 U.S.C. § 2254(d) and Townsend v. Sain, 1963, 372 U.S. 293, 318–319, 83 S.Ct. 745, 9 L.Ed.2d 770, if the district judge finds that the state's fact-finding process was full and fair and if he independently applies the federal law to the facts. This is what the district judge did. Watkins does not contest the district court's finding that the state's fact-finding process was full and fair. In substance, his claim is that the court erroneously applied the law. His claim is based upon the reception of evidence that, immediately after the murder, Foster was seen, armed with a crowbar pursuing one Vargas. The crowbar and Foster's clothing were both bloody. The evidence was that, when Watkins and Foster murdered one Delaney, Foster repeatedly struck him with a crowbar. Proof of the subsequent assault by Foster upon Vargas was offered on the theory that it tended to show that Foster was one of the men who killed Delaney.

Watkins contends that "if defense counsel requested an admonition that the evidence of the assault upon Vargas be admitted only against Foster, Foster was prejudiced. If he failed to request such an admonition, appellant was prejudiced." At the close of the case the state trial court did instruct the jury that the evidence was relevant only to Foster. See 56 Cal.Rptr. at 737.

The district judge determined that there was no real conflict of interest:

"[T]he jury did not consider evidence it should not have considered; the jury was not deprived of evidence it should have considered. * * * The jury was fully apprised of petitioner's defense. * * * Any injury is speculative and depends on the assumption that the jury ignored the instruction read to it. This court cannot presume that fact. * * * "

The Vargas assault evidence was admissible against Foster, whether he had separate counsel or not. Nothing in the testimony about that assault connected Watkins in any way with the Delaney murder. Evidence of his connection with it came from eyewitnesses. An instruction limiting the effect of the evidence relating to the Vargas assault was given. There is no showing whatsoever that Watkins was prejudiced, or that his counsel was in any way hampered in defending him. Thus he did have "untrammeled and unimpaired" assistance from counsel. Glasser v. United States, 1942, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L. Ed. 680. See also Juvera v. United States, 9 Cir., 1967, 378 F.2d 433; Kaplan v. United States, 9 Cir., 1967, 375 F. 2d 895; Lugo v. United States, 9 Cir., 1965, 350 F.2d 858; Chavira Gonzales v. United States, 9 Cir., 1963, 314 F.2d 750.

Other contentions raised by Watkins for the first time in his brief before

---

1. Ford v. United States, 1967, 126 U.S. App.D.C. 346, 379 F.2d 123, and comparable cases in that circuit, do not appear to be based upon constitutional grounds, but upon the Criminal Justice Act of 1964, 18 U.S.C. § 3006A(b), and the court's supervisory power over the lower courts in its circuit. That act does not apply to state courts and we have no supervisory power over them. We express no opinion as to whether we would follow *Ford* in a federal case.

this court, but not presented either to the district court or to the state courts, will not be considered. Palmer v. Comstock, 9 Cir., 1968, 394 F.2d 395.

Affirmed.