**Waddell ROBERTSON, Jr. and Jonathan D. Gleaton, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 4656.

District of Columbia Court of Appeals.

Argued Dec. 17, 1968.

Decided April 25, 1969.

George A. Schmiedigen, Washington, D. C., for appellants.

Harvey S. Price, Asst. U. S. Atty., for appellee. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Joan A. Burt, Asst. U. S. Attys., were on the brief, for appellee.

Before MYERS, FICKLING and KERN, Associate Judges.

KERN, Associate Judge:

This is an appeal from convictions for petit larceny. Appellants contend that there was not sufficient evidence to support their convictions and that they were

denied effective assistance of counsel by the trial court's failure to advise them of their right to have separate counsel at trial. They were represented at trial by a retained attorney. We affirm.

 The record fails to show that the trial court apprised appellants of their right to be represented by individual counsel and that they knowingly and voluntarily waived such right and chose to be··represented by the same attorney. Consequently, the trial court committed error. Lord v. District of Columbia, D.C.App., 235 A. 2d 322 (1967); Watkins v. United States, D.C.App., 240 A.2d 656 (1968); Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965). The issue then becomes whether the trial court's error was prejudicial. We must reverse unless we are convinced beyond a reasonable doubt that appellants were *not* prejudiced by reason of the fact that only one counsel represented them at trial. Watkins v. United States, *supra*; Lollar v. United States, 126 U.S.App.D.C. 200, 204, 376 F.2d 243, 247 (1967); Ford v. United States, 126 U.S.App.D.C. 346, 348, 379 F.2d 123, 125 (1967).

Appellants contend that they have shown prejudice by the fact that their attorney permitted each to take the stand during trial and the testimony of one on direct examination impeached the testimony of the other. This would not have occurred, they contend, if they had had individual counsel. We do not think the record supports their argument. At trial, the Government's witnesses testified that appellants took clothing from Hecht's Department Store at about 11:40 a. m. When the defense put on its case appellant Gleaton was asked on direct examination whether he had been in Hecht's *at 11:40 a. m.* and he testified in the negative. He explained that he had been in the office of his probation officer between 11:30 and 11:45 a. m. on the morning in question. Appellant Robertson then took the stand and testified on direct examination that he was not in Hecht's at any time that day. He further testified:

I was home, waiting for Mr. Gleaton to come back from his visit to his probation officer about the job, because he told me that was where he was going. *And when he came back he stated to me he had been confronted about some coats by a security officer,* which [sic] he was there with the security officer. Was no attempt made then to arrest him or say anything. (Emphasis supplied.)

On cross-examination, Robertson explained that the security officer had confronted Gleaton at Hecht's. Gleaton resumed the stand and testified that he had gone to Hecht's *after* he left his probation officer at which time he had been approached by the store detective about "some coats". Since the question asked Gleaton on direct had been whether he was in Hecht's *at 11:40 a. m.,* his answer in the negative was not inconsistent with his later testimony that he had entered Hecht's sometime *after 11:40 a. m.,* or with Robertson's testimony that Gleaton had been in Hecht's at some unspecified time of the day.

 Appellants urge that had each been represented by his own counsel either might have been held off the stand and not testified. Even from our position of hindsight we fail to see how the fact that both defendants testified was either a tactical error or a decision necessarily resulting from their representation by one counsel rather than two. The defense was strengthened rather than weakened by the testimony of both appellants at trial in support of their version of the incident and neither appellant was confronted with a prior criminal record by the prosecutor. *Cf.* Lollar v. United States, *supra.* We are unwilling to assume that had appellants each been represented by counsel either or both would not have testified under advice from counsel. See Watkins v. United States, *supra.*

 Appellants, in an effort to suggest prejudice resulting from their representation by a single counsel, point to his fail-

ure to call the probation officer as a defense witness at trial. Since there was no conflict between appellants in their defense, the absence of this witness could not have resulted from any apprehension by trial counsel that if he presented the witness to aid one defendant it would be at the possible expense of the other. Whether trial counsel should have called the probation officer to testify for the defense was solely a matter of trial tactics which we are unwilling to second-guess in the absence of some indication that had the probation officer testified he would have corroborated appellant's testimony. Greely v. United States, D.C.App., 230 A.2d 719, 720 (1967).

■■ Finally, appellants argue that the economic advantage to be gained by their counsel for representing them both clouded his judgment in advising them of their right to individual representation. Ford v. United States, *supra*. We have already held that the trial court erred in failing to establish on the record that appellants had knowingly waived their right to individual representation and agreed to proceed with just one counsel. The issue to be decided on this appeal is whether appellants can raise a reasonable doubt that they were prejudiced as a result of the trial court's error. We have carefully reviewed the record and are persuaded beyond a reasonable doubt that appellants suffered no prejudice as a result of their representation by retained counsel. Although we are satisfied that appellants suffered no prejudice in the instant case we are troubled by the fact that such error occurred at this trial in the teeth of our prior pronouncement on the subject of representation by counsel of multiple defendants. Again, we call attention to the proper procedure to be followed by trial judges in criminal cases where more than one defendant is represented by the same counsel.

Whether an attorney for co-defendants is retained or court appointed, the trial judge has the responsibility to inquire if counsel has evaluated the potential conflicts involved in such joint representation and has apprised his clients of any risks. *The trial judge must make an affirmative, on-the-record determination that the several defendants are aware of the probable dangers and have intelligently elected to assume the risks of joint representation. * * ** Lord v. District of Columbia, *supra*, 235 A.2d at 323 (1967). (Emphasis supplied.)

Appellants also argue that the evidence adduced at trial was insufficient as a matter of law to convict them. The Government at trial presented testimony by two witnesses from Hecht's. A salesman testified that he had seen appellant Robertson on a number of occasions *before* the day in question, that he saw Robertson remove coats from the racks in his department and hand them to another man who was stuffing them into a bag and that when he tried to intervene Robertson shoved him away. He was unable to identify Robertson's companion. On cross-examination, the witness stated that after the incident detectives showed him "between three and four dozen" photographs, among which was a photo of Robertson. There was no further reference at trial to the viewing of the photographs.

The other witness from Hecht's testified that upon hearing a commotion in the sportswear department which was on the first floor of the store he had gone to the aid of the salesman at which time he saw both appellants walking toward the exit. He had a clear view of their faces as they were leaving the store and one of them was carrying a large bag. He further testified that he had seen both appellants in the store before that day.

■■ We do not understand appellants to challenge their identification by the Government's witnesses on *Stovall* grounds, Stovall v. Denno, 388 U.S. 293, 87 S.Ct.1967, 18 L.Ed.2d 1199 (1967), and indeed, any such challenge upon this record would fail. Clemons v. United States, D. C.Cir., 408 F.2d 1230 (Dec. 6, 1968). They

argue that the identification by the witnesses here was not sufficiently reliable, standing alone without some sort of corroboration, to sustain their conviction by the trial court hearing the case without a jury. It was for the trier of fact to evaluate the testimony presented and assign it the weight it deserved under the circumstances. We are satisfied that there was sufficient evidence to support the trial court's finding of guilty and that the convictions must be and are

Affirmed.