**Pete Douglas McIVER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Isiah Pinkney McIVER, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 5680, 5692.**

District of Columbia Court of Appeals.

Argued June 30, 1971.

Decided Aug. 16, 1971.

---

Lawrence J. Winter, Washington, D. C., appointed by this court, for appellant Pete Douglas McIver.

Paul H. Weinstein, Washington, D. C., with whom M. Michael Cramer and Laurence Levitan, Washington, D. C., were on the brief, for appellant Isiah Pinkney McIver.

Robert Richard Chapman, Asst. U. S. Atty. with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Leonard W. Belter, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and PAIR, Associate Judges.

PAIR, Associate Judge:

These appeals are from judgments of conviction for (1) possession of implements of crime (narcotic paraphernalia) (D.C. Code 1967, § 22–3601) and (2) possession of a dangerous drug (desoxyn) as defined in D.C.Code 1967, § 33–701(1) (A), in violation of D.C.Code 1967, § 33–702(a) (4). Tried together without a jury, appellants were represented by the same attorney appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(b).

Urging reversal, appellants make several contentions. We discuss only one—the contention of appellant Isiah McIver that he was deprived of his sixth amendment right to effective assistance of counsel when, at trial, he was required to share an attorney with appellant Pete McIver. Understandably, no such contention is made by appellant Pete McIver but, because the record discloses an apparent disregard for the requirements of the Criminal Justice Act[1] and the teaching of controlling case law in this jurisdiction,[2] we consider the question as it relates to both appellants.

In Ford v. United States, 126 U.S.App. D.C. 346, 379 F.2d 123 (1967), the court, referring to the responsibility imposed upon trial courts by the Criminal Justice Act, declared, at 348-349, 379 F.2d at 125-126:

> [T]he burden placed on the trial judge by the Act, to decide before trial whether separate counsel for co-defendants are required, is an exceedingly onerous one. Under the circumstances, we have concluded that, in order to comply with the Criminal Justice Act, 18 U.S.C. § 3006 A(b), as well as the teaching of Glasser, Campbell and Lollar, hereafter separate counsel for each co-defendant should be appointed initially in every case, with an instruction that if counsel conclude, after fully investigating the case and consulting with their clients, that the interests of justice and of the clients will best be served by joint representation, this conclusion with supporting reasons shall be communicated to the court for such on-the-record disposition as the court deems appropriate in the circumstances.

The record in the case at bar shows that, prior to the commencement of the trial, the court was requested by Goverment counsel to inquire whether there was any objection to the representation of appellants by the same attorney and whether there was any possible conflict of interest. The following then transpired:

> THE COURT: That is an appropriate question. Mr. Winter?

> MR. WINTER: I personally have examined the facts. I see no conflict of interest whatsoever.

Trial counsel then inquired of each of the appellants whether there was any objection to his representation of both of them. Each appellant responded by shaking his head in a "negative gesture." There was no further inquiry or comment by the court.

It is well settled now that considerations of efficient judicial administration demand of a trial court a great deal more than the superficial treatment given the sixth amendment rights here involved. Glasser v. United States, 315 U.S. 60, 71, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Ford v. United States, *supra;* Lollar v. United States, 126 U.S.App.D.C. 200, 376 F.2d 243 (1967); Campbell v. United States, 122 U.S.App. D.C. 143, 352 F.2d 359 (1965).

■ When, as in this case, it appears that co-defendants are represented by the

---

1. 18 U.S.C. § 3006A(b).
   [T]he court shall appoint separate counsel for defendants who have such conflicting interests that they cannot properly be represented by the same counsel. * * *

2. Ford v. United States, 126 U.S.App.D.C. 346, 379 F.2d 123 (1967); Lollar v. United States, 126 U.S.App.D.C. 200, 376 F.2d 243 (1967); Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965); Robertson v. United States, D.C.App., 252 A.2d 518 (1969).

same attorney, the requirement is that the trial judge make an affirmative on-the-record determination that they have made an intelligent choice uninfluenced by their poverty or lack of information as to the availability of separate counsel. Robertson v. United States, D.C.App., 252 A.2d 518 (1969).

The Government insists, nevertheless, that here the trial court made inquiry sufficient to enable it to determine the desirability of having separate counsel. We disagree. The plain fact is that the trial court made no inquiry whatsoever—and this was error.

■ Of course, there must be some showing of prejudice or conflict of interest before one can be said to have been denied effective assistance of counsel. Ford v. United States, *supra;* Lollar v. United States, *supra.* Cf. Watkins v. United States, D.C.App., 240 A.2d 656 (1968) and Lord v. District of Columbia, D.C.App., 235 A.2d 322 (1967). But as the court pointed out in *Lollar* at 247:

[B]ecause of the fundamental nature of the right involved, when there are indications in the record that stir doubts about the effectiveness of joint representation, those doubts should be resolved in favor of the defendant, particularly where, as here, the record fails to indicate whether in assigning counsel the danger of prejudice from joint representation was considered.

We hold, therefore, that only where " '*we can find no basis in the record for an informed speculation' that appellant's rights were prejudicially affected,*" can *the conviction stand.* * * * [Emphasis added.]

The record in this case discloses indications of prejudice as to both appellants. The testimony was that, in execution of a search warrant, police officers entered a two-room basement apartment at 1318 Columbia Road, N.W. Found in the first room was appellant Isiah McIver. Appellant Pete McIver and two other men identified as "Billy" and "James"[3] were in the second room. Seized from the second room was a metal strainer and pieces of foil wrapper, and from a trash can in the bathroom eight additional pieces of foil wrapper and three bottle tops. Each of the articles seized contained traces of a white powder, later identified as heroin. Seized also from the trash can were three portions of a tablet identified as "desoxyn."

There was no allegation that appellants had actual possession of any one of the articles seized, therefore the Government was required to prove beyond a reasonable doubt that they had constructive possession of such articles. Under the circumstances, an essential element of the Government's proof was that appellants, either jointly or severally, were in a position to exercise dominion or control over the premises where the prohibited articles were found. United States v. Holland, D.C.Cir., 445 F.2d 701 (decided May 10, 1971); United States v. Bethea, D.C.Cir., 442 F.2d 790 (decided March 22, 1971).

■ To this end the Government put on its proof consisting of the testimony and exhibits mentioned above. Counsel for appellants then called appellant Isiah McIver as a witness, no doubt for the purpose of exculpating him from any involvement in the constructive possession of the "implements of crime" and the "dangerous drug." Strangely enough, however, no effort was made by defense counsel to develop on direct examination testimony, elicited by Government counsel on cross-examination, that this appellant's residence in the apartment may have been of a temporary nature because he and his common-law wife were "having a little hard times," and that was why he was staying with his brother. *Cf.* United States

---

3. Billy and James were permitted to leave the apartment when they announced that they did not live there.

v. Holland, *supra*. Such testimony on direct examination would perhaps have had the effect of shifting to appellant Pete McIver the entire responsibility respecting dominion and control at the apartment with all the constructive possession implications. In any event, it is difficult to believe that the point would not have been fully developed had this appellant been represented by separate counsel. Unquestionably, therefore, appellant Isiah McIver was prejudiced by the joint representation.

With respect to appellant Pete McIver, the indications of prejudice are perhaps even more pronounced. He, too, was called as a witness by defense counsel. Although the Government had established his presence in the apartment, it was defense counsel and not counsel for the Government who elicited testimony that this appellant was resident in the apartment. Moreover, it was defense counsel who opened the door to testimony that appellant Pete McIver had been seen to use heroin at the apartment where "a little bit of heroin had been seen."

This testimony left unchallenged, as it was, involved appellant Pete McIver with narcotics in a very substantial way since obviously someone must have had such dominion and control at the apartment as to give rise to a presumption of constructive possession of the articles seized.

The record, however, discloses more than this. On two occasions during his closing argument defense counsel conceded, in effect, that both appellants resided at the apartment, but significantly enough again failed to even comment on appellant Isiah McIver's testimony on cross-examination respecting the temporary nature of his residence. United States v. Holland, *supra*.

Enough has been said to demonstrate that each appellant was prejudiced by the joint representation. We need not, of course, gauge the precise degree of prejudice. The right to have effective "assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser v. United States, *supra*.

Because, in our opinion, appellants were denied effective assistance of counsel, reversal of the judgments of conviction is compelled. We find it unnecessary therefore to consider at this time other reasons for reversal which may lurk in the record.

Reversed and remanded for a new trial.