ROBERT LEWIS McFARLAND, LARRY THOMPSON AND MONTE R. MITCHELL v. STATE OF INDIANA.

[No. 2-875A197. Filed February 1, 1977.]

*Kenneth T. Roberts, Wilson, Coleman & Roberts,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Joseph J. Reiswerg,* Deputy Attorney General.

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among Districts.

Defendants-appellants, Robert Lewis McFarland and Larry Thompson (McFarland and Thompson), appeal from the trial

court's denial of their belated motion to correct errors raising the following issues for our review:

1. Whether the trial court erred in overruling their motion for the appointment of additional pauper counsel.

2. Whether the trial court erred in overruling their motion for separate trials.

3. Whether the trial court erred in overruling their motion for a mistrial.

4. Whether criminal defendants have a fundamental right to have State witnesses separated.

The facts necessary for our disposition of this appeal are as follows: McFarland, Thompson and co-defendant Mitchell were jointly charged with having committed the crimes of second degree burglary and theft. Mitchell was represented by private counsel while McFarland and Thompson were represented by a court-appointed attorney. On January 13, 1975, McFarland and Thompson's court-appointed counsel moved for separate trials and for the appointment of an additional pauper attorney to represent Thompson. This motion provided, *inter-alia,* as follows:

"* * *

3. That there will be a conflict of interest based on confidential communications between counsel and the aforesaid defendants;

* * *"

The trial court denied this motion without further inquiry into the nature of the conflicting interests which allegedly existed between McFarland, Thompson and their court-appointed attorney.

Our Supreme Court was faced with a similar contention as that raised by McFarland and Thompson in the case *Stoehr* v. *State* (1975), 263 Ind. 208, 328 N.E.2d 422. Therein, at p. 424, our Supreme Court said:

"Appellants assert that they were denied effective assistance of counsel because of their joint representation when

their interests conflicted. *When the possibility of inconsistent interests is brought to the court's attention at the outset of the trial, reversal is required if the trial court requires the defendant to share the services of his attorney with another codefendant. Glasser v. United States* (1941), 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. . . ." (Our emphasis)

Although joint representation of co-defendants is not a per se infringement on the right to effective assistance of counsel, because of the ever present danger of conflicting theories of defense, we are of the opinion that the trial court erred when it proceeded to trial without further inquiry into the possible conflicting interest which existed between court-appointed counsel, McFarland and Thompson, which was brought to its attention prior to trial.

The vehicle to be utilized by a trial court when making this inquiry was set forth by our Supreme Court in *Martin* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60. Therein, at p. 67 in footnote No. 3, it was stated:

". . . we recognize that joint representation of criminal co-defendants by a single attorney, or even by two attorneys in situations of antagonistic theories or defense, is a dangerous proposition. Lloyd v. State (1960), 241 Ind. 192, 170 N.E.2d 904; ABA Standards, 'The Defense Function' App. Draft, § 3.5 (1971). Furthermore it is unnecessarily hazardous for both defendants and the integrity of the already completed trial process to postpone to the end of the trial an inquiry as to the existence of a conflict of interest, between co-defendants. We would therefore urge, in order to avoid problems of this type in the future, that a trial court faced with joint defendants specifically appoint one attorney to each defendant for the purpose of making an initial inquiry of the facts of the case and possible theories of defense. If after this inquiry the attorneys decide there is no conflict of interest arising in the case they should report the same to the trial court prior to trial and the court should make a record of the report before releasing one of the attorneys from his appointment. See: Ford v. United States, 126 U.S. App. D.C. 346, 379 F.2d 123 (1967), where the District of Columbia Circuit approved a similar approach in its implementation of sections of the Criminal Justice Act, 18 U.S.C. § 3006A(b)."

McFarland and Thompson's additional assignments of error are without merit.

First, they argue that the trial court erred in denying their motion for separate trials. The granting, or denying, of a motion for separate trials rests within the sound discretion of the trial court, and reversible error can only be predicated upon a clear showing of abuse of that discretion. *Tewell* v. *State* (1976), 264 Ind. 88, 339 N.E.2d 792, 797; *Firth* v. *State* (1974), 263 Ind. 100, 325 N.E.2d 186, 191. McFarland and Thompson have failed to demonstrate to this court how the trial court abused its discretion. *Scruggs* v. *State* (1974), 161 Ind. App. 666, 317 N.E.2d 807, 810.

McFarland and Thompson's assignments of error No.'s 3 and 4 have been waived because of their failure to recite to this court relevant legal authority in support of their argument. *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805, 807; *State* v. *Williams* (1973), 156 Ind. App. 625, 297 N.E.2d 880, 885; Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

Therefore, we order this case remanded to the trial court with instructions to determine if a conflict of interest existed which would have prevented court-appointed counsel from effectively representing both McFarland and Thompson. If it is found that a conflict of interest did exist then we order that McFarland and Thompson be granted a new trial. If it is found that no conflict of interest existed then the judgment of the trial court is affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 359 N.E.2d 267.