996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary E. THOMAS, Petitioner-Appellant,
v.
George DEEDS, et al., Respondent-Appellee.
 No. 92-15927.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1993.*
Decided June 25, 1993.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The parties are familiar with the facts and issues and we will not restate them.
 
 
 4
 I. Conflict of Interest and Evidentiary Hearing
 
 
 5
 Thomas has failed to demonstrate that an actual conflict affected the performance of his trial counsel. Morris v. California, 945 F.2d 1456, 1462 (9th Cir.1991). Thomas does not suggest, and nothing in the record reveals, that defense counsel either presented any evidence adverse to Thomas, or failed to present any evidence that would have exculpated Thomas, because of a conflict of interest between Eppenger's and Thomas's defenses.
 
 
 6
 There was no dispute of fact requiring a hearing. All but one of Thomas's conflict of interest allegations are based on the record. Watkins v. Wilson, 408 F.2d 351, 352 (9th Cir.1969). No hearing was necessary on Thomas's remaining allegation that defense counsel originally believed there was a conflict but changed his mind and decided to represent both defendants because neither planned to tell on the other. Even if true this fact would not establish an actual conflict that affected counsel's performance. See Morris, 966 F.2d at 1462-63.[1]
 
 II. Sufficiency of the Evidence
 
 7
 There was sufficient evidence to permit a rational jury to find beyond a reasonable doubt that Thomas constructively possessed the cocaine and marijuana found in Eppenger's home. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thomas does not dispute he was present in Eppenger's home when police found cocaine, marijuana, and drug paraphernalia in the kitchen and one bedroom. Eppenger is Thomas's father. Three magazine bills and two appliance bills gave the address of the house as Thomas's address. Thomas tried to flee when the police arrived. He had $1,995 in mixed bills on his person; in light of his extended unemployment, possession of this amount suggested a connection with the drug dealing activity the police observed while surveilling the residence. Some of Thomas's papers were found in a briefcase in the house, and others in a kitchen drawer.
 
 
 8
 III. References to Outstanding Warrant and Prior Knowledge of Thomas
 
 
 9
 A violation of a state evidentiary rule is cognizable in habeas corpus only if it violates federal constitutional rights. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). In any event, no state rule of evidence was violated; counsel objected to statements reflecting the existence of the warrants; the court sustained the objections and on one occasion admonished the jury. Any prejudice was minimal: the references were brief and did not address the reason for issuance of the warrant. The same is true of the references by police officers to their prior acquaintance with Thomas.
 
 IV. Cumulative Effect of Other Errors
 
 10
 1) The prosecutor's use of the term "we" in describing what the state had done in the trial was not meant to include the jury and thus did not imply that the prosecutor and the jury were on the same side.
 
 
 11
 2) Even if improper, the prosecutor's statement, "I think the testimony of some of the defense witnesses is rather hard to accept," did not undermine the fundamental fairness of the trial. Darden v. Wainwright, 477 U.S. 168, 181 (1986).
 
 
 12
 3) The prosecutor's statement that the defense had failed to present any fingerprint evidence was an invited response to defense counsel's claim that the prosecution had failed to present such evidence, not a comment on defendant's failure to testify. United States v. Chan Yu-Chong, 920 F.2d 594, 599 (9th Cir.1990). Moreover, "[a] comment on the failure of the defense as opposed to the defendant to counter or explain the testimony ... or evidence ... is not an infringement of the defendant's Fifth Amendment privilege." United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) (citations and internal quotation marks omitted) (emphasis in original).
 
 
 13
 4) The jury instruction on constructive possession was a reasonable statement of the law, and was both clearer and more complete than Thomas's proposed instruction. Refusal to give Thomas's proposed instruction did not "so offend[ ] established notions of due process as to deprive [him] of a constitutionally fair trial." Cupp v. Naughten, 414 U.S. 141, 144 (1973).
 
 
 14
 The order dismissing Thomas's petition for a writ of habeas corpus is affirmed.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert J. Kelleher, Senior Judge, United States District Court for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Thomas has not demonstrated a conflict of interest that affected counsel's performance, counsel's failure to move for severance did not prejudice Thomas