Leroy O. HUBBARD, Appellant,

v.

UNITED STATES, Appellee.

No. 3960.

District of Columbia Court of Appeals.

Argued Jan. 16, 1967.

Decided April 6, 1967.

John J. Dwyer, Washington, D. C., for appellant.

Lawrence S. Margolis, Sp. Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge.

Appellant was charged with receiving stolen property. After two continuances at his request, he pleaded not guilty and demanded trial by jury. The case was then continued until December 7, 1965, for trial. On that day, according to the record, he withdrew his demand for jury trial, withdrew his plea of not guilty and entered a plea of guilty. The case was continued for sentencing until December 14, and then again continued at appellant's request until January 5, 1966. On that day appellant's retained counsel withdrew, and newly retained counsel moved to set aside the plea of guilty. The motion was denied and sentence imposed. This appeal followed We remanded the case to the trial court for an evidentiary hearing on appellant's claim that his plea of guilty was not knowingly and voluntarily made. A hearing was had and the trial court found that the plea of guilty had been knowingly and voluntarily made.

At the hearing the chief witnesses were appellant and his first retained counsel. Appellant testified that he always asserted his innocence of the charge and never intended to plead guilty, that he had twenty years "back up time" (he had served ten years of a sentence of ten to thirty years and was on parole), and obviously would not plead guilty to the pending charge. He testified that on the day the plea of guilty was entered he was in the court room but stood by the door and did not hear what his counsel said to the court, that no question was asked him, and that not until he left

the court room did he know that the plea of guilty had been entered.

Appellant's first counsel testified that he had known appellant prior to being retained to represent him and knew he was on parole, that after being retained he was told by appellant that "they have me," that there would be no trial and that he wanted only to have the case postponed. The lawyer further testified that on December 7 when it became obvious that no further postponement could be had, appellant said he was going to plead guilty, that he explained to appellant what the plea would mean and appellant stated he knew what he was doing. According to the lawyer, he and appellant then entered the court room, stood before the Bench, and the lawyer informed the court appellant wished to enter a plea of guilty. The clerk then inquired directly of appellant if he wished to withdraw his jury demand and plead guilty, and appellant answered in the affirmative.

Appellant's testimony was supported in some degree by the probation officer to whom he reported regularly under parole requirements. This witness testified that appellant had told him of the pending charge, said he was innocent and intended to have a trial by jury, and after the plea of guilty was entered said it was entered against his wishes.

The attorney's testimony was supported by the court clerk who testified that it was the invariable practice of the court not to permit a plea of not guilty to be withdrawn and a plea of guilty entered unless the defendant personally appeared, stood at the trial table and personally indicated that such was being done with his knowledge and consent.

Faced with this directly conflicting testimony, the trial court found that the plea of guilty was knowingly and voluntarily made, and refused to allow it to be withdrawn. The finding was based on substantial evidence and cannot be disturbed.

The refusal was within the trial court's sound discretion and we find no abuse of discretion. "Overwhelming authority holds, as has this court, that withdrawal of a guilty plea before sentencing is not an absolute right but a decision within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion." (Footnotes omitted.) Everett v. United States, 119 U.S. App.D.C. 60, 64, 336 F.2d 979, 983 (1964).

Affirmed.