Milbourne E. LORD, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 4297.

District of Columbia Court of Appeals.

Argued Sept. 6, 1967.

Decided Nov. 27, 1967.

John A. Kendrick, Washington, D. C., for appellant.

Richard W. Barton, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Hubert B. Pair and John R. Hess, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge:

Appellant, together with a co-defendant who is not a party to this appeal, pleaded guilty to publicly committing a lewd, obscene and indecent act in the District of Columbia in violation of 22 D.C.Code § 1112(a) (1961 ed.) and paid an imposed fine. Three months later, through his present attorney, appellant moved to vacate the judgment upon the guilty plea and to have a trial on the merits, apparently upon the theory that, because the court appointed the same counsel to represent both defend-

ants, manifest injustice occurred which was subject to correction under Criminal Rule 20(d) of the trial court. From denial of this motion, this appeal followed.

Because it appears that appellant is employed in a position of trust which may be jeopardized by his conviction, we pass the Government's contention that, by payment of the fine, appellant's appeal was rendered moot and address ourselves to appellant's charge of error.

■ Whether an attorney for co-defendants is retained or court appointed, the trial judge has the responsibility to inquire if counsel has evaluated the potential conflicts involved in such joint representation and has apprised his clients of any risks

U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942). But "some prejudice, some conflict of interest, resulting from the joint representation must exist before one can be said to have been denied effective assistance of counsel." Lollar v. United States, D.C. Cir., 376 F.2d 243, 246 (1967).[1]

■ Assessing the record in the light of these criteria, we are convinced beyond a reasonable doubt[2] that it discloses no hint of prejudice to appellant arising out of the joint representation. There was nothing to prevent the attorney assigned to represent appellant and his co-defendant from requesting separate trials under Criminal Rule 7(e) of the trial court. No showing was made that the attorney was forced to dvise both defendants to follow the same urse. He could have counseled one to ead guilty and the other to plead not ilty; and it does not appear that, even if ey had proceeded to trial together, they uld have urged conflicting defenses. The ior record of appellant's co-defendant y well have been inadmissible even for peachment purposes under the *Luck* ctrine.[3] Appellant was fully informed of the nature of the charge against him, and no time has he alleged his innocence. early he has not made a showing of anifest injustice." Other contentions of or are without merit.

We rule that the trial judge's denial of ellant's motion to vacate the judgment conviction was proper and not an abuse discretion.

Affirmed.

California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Luck v. United States, 121 U.S.App.D.C. 51, 348 F.2d 763 (1965). See also Gordon v. United States, D.C.Cir., 383 F. 2d 936 (decided September 18, 1967).