**Ralph BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4659, 4660.**

District of Columbia Court of Appeals.

Argued Nov. 18, 1968.

Decided June 16, 1969.

Edward J. Menard, Washington, D. C., for appellant.

8. Edmunds v. Frank R. Jelleff, Inc., D.C.Mun.App., 127 A.2d 152 (1956).

Sandor Frankel, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and James E. Kelley, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and GALLA-GHER, Associate Judges.

KERN, Associate Judge:

Appellant was convicted by the court below sitting without a jury of two charges of petit larceny for which convictions he received sentences of 180 days to be served concurrently. He argues that the trial court committed certain procedural errors[1] which entitle him to a new trial.

■ Appellant complains first that the trial court erred in refusing to postpone the trial to enable him to retain counsel to replace the defense attorney appointed by the court when he was arraigned. Courts must always be on guard against abridging constitutional rights in their zeal to dispose of the many cases which clog the dockets. On the other hand, "[j]udges must be vigilant that requests for appointment of a new attorney on the eve of the trial should not become a vehicle for achieving delay". United States v. Llanes, 374 F.2d 712, 717 (2d Cir. 1967). We conclude the trial judge acted properly in refusing to postpone the trial. Appellant had accepted without protest counsel appointed for him 12 days prior to trial. He offered no reason as the trial was about to commence why such counsel was no longer acceptable. Appellant gave no credible explanation for his delay until the beginning of trial to inform the court that he wanted to retain counsel. Even at

such a late date he failed to establish that he had a new attorney or reasonable prospects of obtaining one. We hold that the trial court did not abuse its discretion by refusing to postpone the trial and permit appellant to bring a new attorney into the case. *See* Cleveland v. United States, 116 U.S.App.D.C. 188, 322 F.2d 401 (1963).

■ Appellant next urges that he was denied effective assistance of counsel at trial because both he and his codefendant were represented by one attorney. The trial court did not show on the record that appellant waived his right to representation by individual counsel and knowingly assumed the risks of the joint representation as required by Lord v. District of Columbia, D.C.App., 235 A.2d 322 (1967). Appellant points to the failure of defense counsel to put him on the stand as evidence of the prejudice resulting from their joint representation by one counsel but appellant himself decided that he did not wish to testify after his attorney had advised him of his right to do so. There was no conflict in the defense presented by appellant and his codefendant which would have required the defense attorney to choose between his two clients as the trial developed. We are persuaded beyond a reasonable doubt that appellant was not prejudiced by the fact that but one attorney represented both his codefendant and him. Lollar v. United States, 126 U.S.App.D.C. 200, 204, 376 F.2d 243, 247 (1967).

Appellant contends that he did not waive his right to trial by jury and that the court erred in hearing his case without a jury. The record indicates that at his arraign-

1. Appellant contends he was denied his right of allocution before the imposition of sentence but such contention is now moot.

ment appellant had demanded a jury trial but that on the day he was tried he conferred in the morning with his attorney in the courthouse and decided to waive a jury trial. Apparently, this decision was the reason why his case was called after four o'clock in the afternoon for trial by a court sitting without a jury. At that time, appellant's counsel advised the court in appellant's presence that he was waiving a jury trial upon the instructions of appellant and his codefendant. When the trial court made inquiry of appellant whether he had instructed his attorney to make such waiver appellant would not respond to the question. It is of significance that the prosecutor had somewhat earlier informed the court within appellant's hearing that if the trial did not proceed that day it would be difficult for the Government to get back its witnesses. Appellant was thus aware that a delay of his trial would be to his advantage.

Defense counsel is empowered to waive a jury trial on behalf of the defendant. Hensley v. United States, 108 U.S. App.D.C. 242, 244–245, 281 F.2d 605, 608–609 (1960). In the instant case, appellant's attorney presented such a waiver at appellant's request. Appellant at no time objected to or revoked the waiver although the trial court gave him every opportunity to do so. Instead, appellant attempted to delay the trial by evasive and unresponsive answers to the court when it sought to confirm on the record that he had instructed his counsel to waive jury trial. In the absence of a revocation by appellant of the waiver presented by his attorney he cannot now complain about his trial by the court without a jury. *See* Eliachar v. United States, D.C.App., 229 A.2d 451 (1967).

Affirmed.