Isaac **GRESSETTE**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4773.

District of Columbia Court of Appeals.

Argued April 15, 1969.

Decided Aug. 7, 1969.

Lynn D. Allan, Washington, D.C., appointed by this court, for appellant.

John D. Aldock, Asst. U. S. Atty. with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and John F. Rudy, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of unlawful possession of a pistol after conviction of a felony.[1]  D.C.Code 1967, § 22–

---

1. He was acquitted of the charge of threats to do bodily harm, D.C.Code 1967, § 22–507, and a verdict was directed in his favor on the charge of assault by threatening in a menacing manner, D.C.

Code 1967, §§ 22–504. We are informed that appellant has served the sentence imposed on his conviction, as well as his "back-up" time on the prior felony conviction.

3203. He thereafter filed a motion for new trial and an arrest of judgment, supported by affidavit, charging error in the denial of his request for a continuance to obtain new counsel. By memorandum opinion the trial judge denied the motion, concluding that it was without merit.

■ In his affidavit in support of the motion for new trial appellant states in substance that from the date of his first appearance in court, about a month prior to trial, he had desired and sought to retain his own attorney; that the night before trial present counsel visited him at the jail, pursuant to his written request, and agreed to represent him if appointed counsel would withdraw from the case, and that the next day, apparently shortly before trial, he explained this arrangement to his appointed attorney who said he would so inform the court. The memorandum opinion of the trial court states that the motion for continuance was made as the trial was about to commence, after the case had been certified from the Criminal Assignment Branch as ready for trial[2] when appellant's attorney was informed for the first time that appellant would like to retain other counsel.[3] No representation was made to the court that new counsel had been obtained, nor was that counsel present in court. Furthermore, no factual basis for the dissatisfaction with appointed counsel was disclosed to the court. Under these circumstances the trial judge was of the opinion that the request came too late and appeared to be dilatory in nature. We find no error in the court's ruling denying the request for continuance. On this record it cannot be said that appellant was denied his constitutional right to counsel and, absent any discernible prejudice to appellant, we hold that the trial court properly exercised its discretion in proceeding with the trial. See Brown v. United States, D.C.App., 253 A.2d 457 (decided June 16, 1969).

■ Appellant also complains of ineffective assistance of counsel. He does not question the competency of his appointed attorney, but argues that there was insufficient pretrial preparation for effective representation at trial.[4] We agree, of course, that time spent in consultation with a defendant is certainly an important factor in weighing a claim of ineffective assistance of counsel. But many considerations influence the determination of whether sufficient time was spent in preparing a defense to a particular case, "including the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of witnesses." Eubanks v. United States, 336 F.2d 269, 270 (9th Cir.1964). The facts in this case are not complicated, and the record reflects that appointed counsel, a defense attorney with many years of experience, presented all substantial defenses to the offenses with which appellant was charged, made the appropriate motions and objections, and attempted to suppress the evidence on the charge of which appellant was convicted. Furthermore, appointed

2. General Sessions Criminal Rule 14(III)(c) (1) states that "In any case pending in the Criminal Assignment Branch or in any Criminal Trial Court, only the Criminal Assignment Judge may grant a continuance prior to the start of the trial."

3. The transcript reflects only that a continuance was requested at the beginning of trial "for the purpose of trying to make personal bond", and that the request was renewed at the close of the Government's case "to give him a chance to get on personal bond" and "to get out on bond so he can get a lawyer." The

memorandum opinion states that a request for continuance was made after the case was called for trial, prior to voir dire, in order that appellant might obtain new counsel, and we accept that statement.

4. Although the information reflects that appellant was advised of his right to counsel, appellant states in his affidavit that he talked with counsel so briefly at the time of arraignment that he could not remember his name and did not know counsel was appointed to represent him. He further states that on the day of the trial he consulted with counsel only for about five minutes.

counsel was able to secure an acquittal on one charge and a directed verdict in appellant's favor on another. It is thus our opinion that appellant has failed to make the requisite showing of ineffective assistance of counsel[5] and the judgment of the trial court is

Affirmed.

---

5. See Bruce v. United States, 126 U.S. App.D.C. 336, 379 F.2d 113 (1967).