Clarence DURANTE, Appellant,

v.

UNITED STATES, Appellee.

No. 6642.

District of Columbia Court of Appeals.

Argued April 25, 1973.

Decided Sept. 11, 1973.

Courtney A. Evans, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, and C. Madison Brewer, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN and HARRIS, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

Charged with grand larceny and unauthorized use of an automobile, appellant pleaded not guilty. Three months later at the conclusion of a pretrial "identification" hearing, appellant withdrew his plea of not guilty and entered a plea of guilty to the grand larceny charge. The other charge was dismissed. Prior to imposition of sentence appellant through new counsel sought to withdraw his plea of guilty. As grounds for the relief sought, he alleged that at the time of pleading guilty he lacked effective assistance of counsel, that he was in "fear" of the Court, and that he was undergoing methadone treatment and had not received his dosage that day. The same judge who had accepted the guilty plea conducted a hearing, denied the motion, and imposed sentence. Through a third appointed counsel this appeal was brought.

The trial court's Criminal Rule 11, like Fed. Rule of Crim.Pro. 11, provides that a guilty plea shall not be accepted without the court "first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Here, before accepting the

plea, the trial court conducted an extensive interrogation of appellant, taking meticulous care to see that appellant was aware of his rights and was voluntarily entering the plea with full knowledge of its consequences. The plea was not accepted until after appellant had openly acknowledged that he had taken the automobile and planned to keep it.

Appellant does not, and could not, attack the adequacy and fairness of the hearing conducted by the judge prior to accepting the plea. But on the hearing to withdraw the plea, and in this court, he contended he was a narcotic addict and had been on methadone treatment for approximately two months prior to entering the plea, that he did not receive his medication on the day before or the day of entering the plea and as a consequence was suffering from withdrawal when he entered his plea. As a result, he testified, he wanted to get his "medication at all costs" and assumed when he entered his plea he "would go back on the street" and "go get my medication".[1] Thus, he argues, his entering the plea was not voluntary.

At the hearing, lasting over 3 1/2 hours, there were two witnesses in addition to appellant. One, a physician, testified to the effect of withdrawal from methadone. The other witness was appellant's original attorney. At the conclusion of the testimony and after argument of counsel the judge denied the motion.

■ On the record before us it would be difficult, it not impossible, to hold that the judge abused his discretion in denying withdrawal of the plea. The judge found nothing to sustain the claims of ineffective assistance of counsel or the claim that appellant was in such "mortal fear" of the court that he could not speak freely, and those points are not strongly urged here.

The main thrust of appellant's argument relates to the methadone treatment and the effect of withdrawal.

It should be noted that when appellant entered his plea of guilty the judge was fully aware that appellant was receiving methadone treatment, because prior to that time the judge had released appellant from custody in order that he could continue his treatment. From this it appears to us that when appellant stood before the judge and replied to the judge's extensive questioning, the judge, being alerted to the situation, was capable of ascertaining that the plea was voluntarily and intelligently made.

■ ■ Perhaps recognizing that he cannot meet the burden of proving an abuse of discretion by the trial judge, appellant in effect urges us to remove that burden and to hold that a defendant has a right to withdraw his plea of guilty at any time prior to sentence provided only that the government has not relied on the plea to its disadvantage.

According to Mr. Justice Douglas, the Supreme Court has never decided "under what circumstances a defendant, *prior to sentencing,* may withdraw a guilty plea."[2] He thinks that a guilty plea "should not be allowed to stand if the defendant upon reflection or additional developments seeks in *good faith* to exercise his right to trial."[3] Apparently he would hold this right of withdrawal to be absolute unless the government can show that the withdrawal will result in substantial prejudice to it. He was unable to persuade a majority of the court to adopt his view, and, as far as we know, no court has.

Withdrawal of a guilty plea is governed by the trial court's Crim.Rule 32(e) which, like its counterpart Fed.Rule Crim.Pro. 32(d), permits a motion to withdraw a guilty plea prior to sentence but gives no

---

1. It was not made clear why appellant assumed that on entering a plea of guilty he would go back on the street.

2. Dissenting from denial of writ of certiorari in Neely v. State of Pennsylvania, 411 U.S.

954, 93 S.Ct. 1934, 36 L.Ed.2d 416 (1973). Justices Stewart and Marshall concurred in the dissent.

3. 93 S.Ct. at 1936.

guidelines for grant of the motion, though it authorizes withdrawal of such plea *after* sentence "to correct manifest injustice." In the absence of such guidelines federal and state courts have generally used the any reason that "seems fair and just" standard laid down in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), although *Kercheval* was a case of withdrawal after sentence.[4]

Although permission to withdraw a plea of guilty prior to sentence should be freely allowed, there is no absolute right to withdraw such a plea. The matter rests in the sound discretion of the trial court and its decision will not be reversed except for abuse of discretion.[5] We find no such abuse here.

Affirmed.

4. *See, e. g.,* Dorton v. United States, 447 F.2d 401 (10th Cir. 1971); United States v. Young, 424 F.2d 1276 (3d Cir. 1970); Commonwealth v. Forbes, 450 Pa. 185, 299 A.2d 268 (1973). *See also* ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968).

5. Hubbard v. United States, D.C.App., 227 A.2d 768 (1967), citing Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964). *See also* United States v. Sambro, 147 U.S.App.D.C. 75, 454 F.2d 918 (1971); Smith v. United States, 359 F.2d 481 (8th Cir. 1966).