Rural E. HICKS, Appellant,

v.

UNITED STATES, Appellee.

Nos. 9597, 9893.

District of Columbia Court of Appeals.

Argued Dec. 17, 1975.

Decided Aug. 9, 1976.

Paul Reiber, Washington, D.C., appointed by this court, for appellant.

Frederick A. Douglas, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Edward D. Ross, Jr., Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KERN and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Appellant appeals from the trial court's denial of his motion made pursuant to Super.Ct.Cr.R. 32(e),[1] asking the court to set aside his judgment of conviction to permit him to withdraw his plea of guilty to one count of prison breach, a violation of D.C.Code 1973, § 22–2601. Appellant argues that the trial court's failure to inform him of the consequences of his plea renders his plea invalid under Super.Ct. Cr.R. 11,[2] and that this constitutes "manifest injustice" under Rule 32(e).

Appellant was convicted in 1973 of the crime of assault with intent to commit rape, D.C.Code 1973, § 22–501, and was sentenced to serve eight months to six years' imprisonment. While serving his sentence in a halfway house he was granted a weekend leave from which he failed to return. He was subsequently arrested and charged with prison breach.

In March 1974 appellant appeared in open court with counsel and asked to enter a plea of guilty to the charge. The trial judge questioned appellant concerning his awareness of the rights he was relinquishing by pleading guilty and carefully elicited from the prosecutor the alleged facts of the government's case.[3] However, the court failed to advise appellant that the prison breach statute *requires* that a sentence imposed for the crime be consecutive to any sentence the person so convicted is already serving. Appellant thereafter received a sentence from the court of one to three years' imprisonment consecutive to the time remaining on the sentence he was already serving.[4]

The government on appeal agrees that defense counsel at the time of entry of the plea was "apparently" unaware of the mandatory proviso contained in the prison breach statute. (Appellee's brief at 4 n.6.) In the absence of a warning from the court and in light of defense counsel's apparent ignorance of the statutory mandate,[5] we will assume that appellant

---

1. That part of the Rule provides:
   A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court may set aside the judgment of conviction and permit the defendant to withdraw his plea.

2. Rule 11 is substantially identical to Fed.R. Crim.P. 11 and provides:
   A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily *with understanding of* the nature of the charge and *the consequences of the plea.* . . . [Emphasis added.]

3. Appellant did not deny his failure to return from leave; rather he pointed to factors in mitigation of his failure to return until arrested.

4. According to appellant's brief, at the time of the instant offense appellant was within four weeks of eligibility for parole and had two and one-half years "back-up" time; that is, two and one-half years that he might have to serve in prison rather than on parole if the Parole Board revoked or refused to grant parole because of his subsequent conviction.

5. At the sentencing hearing appellant's attorney stated on appellant's behalf:
   So, he would ask the Court to, perhaps, continue him in some sort of rehabilitative program rather than give him a consecutive type sentence. He would ask the Court, if the Court does give him a sentence, to suspend the execution of that sentence *to run concurrent* with the two and a half years he already has to do, back-up time, to continue his rehabilitative process. [Emphasis supplied.]

also did not know that any sentence imposed had to be consecutive and could not be concurrent.

■ In a prison breach case we have no doubt that before accepting a plea of guilty the court should make certain the defendant understands that when sentence is ultimately imposed upon that plea the sentence must be consecutive to the sentence then being served.[6] Our conclusion rests upon the facts that (a) Rule 11 expressly requires an "understanding of . . . the consequences of the plea" and (b) the *mandatory* consecutive nature of a sentence under this statute, which prevents the trial court from exercising discretion to impose a concurrent sentence, is a significant consequence of entering a plea. *See United States v. Myers*, 451 F.2d 402 (9th Cir. 1972); *Smith v. United States*, 400 F.2d 860 (6th Cir. 1968).

■ Nevertheless, we are not persuaded that the court in the instant case committed reversible error by refusing to set aside the judgment of conviction under Rule 32(e). The trial court was required to deny appellant's motion in the absence of "manifest injustice" and we may overturn the court's denial only for an abuse of discretion. *Bettis v. United States*, D.C. App., 325 A.2d 190, 195 (1974). No such showing of abuse appears in the particular circumstances of this case. Further, under Rule 32 there must be a showing of prejudice to appellant in order to conclude that manifest injustice did occur. *See Lord v. District of Columbia*, D.C.App., 235 A.2d 322, 323 (1967). No such showing appears in the particular circumstances of this case.

We do not understand the Supreme Court's decision in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418 (1969) as requiring a reversal in this case without any showing of prejudice by appellant. The trial court in *McCarthy* had accepted the defendant's plea of guilty to one count of a federal indictment charging the defendant with " 'wilfully and knowingly' attempting to evade tax payments . . .," despite the fact that the defendant, an aged and ill individual, had "asserted that his failure to pay taxes was 'not deliberate' and they would have been paid if he had not been in poor health." *Id.* at 460–61, 89 S.Ct. at 1168. On appeal the petitioner argued that his plea had been accepted in violation of Rule 11 and that (1) the court never addressed petitioner personally and determined that the plea was voluntary and made with an understanding of the nature of the charge, and (2) the court never determined whether there was a factual basis for the plea. *Id.* at 462, 89 S.Ct. 1166. *See* Fed.R.Crim.P. 11. The Supreme Court, in the exercise of its supervisory power,[7] ruled that under the circumstances the defendant "should be afforded the opportunity to plead anew." *Id.* at 472, 89 S.Ct. at 1174.

The Court in *McCarthy* was particularly troubled because the petitioner's claims on appeal went directly to the issue of his guilt or innocence of the charges. In the instant case, as we have noted, the defendant was addressed personally by the court and admitted having committed the basic

---

6. The more meticulously courts adhere to Rule 11 then the more post-conviction attacks will be discouraged and even if made they will be susceptible to *prompt* disposition. *See McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

7. The result in *McCarthy* rested not upon constitutional grounds, but upon the Court's supervisory power over the lower federal courts. *McCarthy v. United States, supra* at 464, 89 S.Ct. 1166. Although the District of Columbia courts are considered state courts for many purposes, they are established pursuant to article I of the United States Constitution and are part of the federal system. Hence the Supreme Court's supervisory power probably encompasses the article I District of Columbia courts as well as the article III federal courts. *See Gay v. United States*, 411 U.S. 974, 93 S.Ct. 2152, 36 L.Ed.2d 697 (1973) (Douglas, J., dissenting from denial of certiorari.)

**114**

acts constituting prison breach. Further, unlike *McCarthy*, the trial court here carefully ascertained that appellant made his plea voluntarily and with an understanding of the nature of the charge. Thus there was no dispute as to appellant's guilt or innocence, voluntariness in entering the plea, or understanding of the charges; the only issue raised by this appeal is the effect of appellant's ignorance of the full range of possible sentences resulting from his plea. We conclude that this claim does not *automatically* require a reversal under the authority of *McCarthy v. United States, supra.*

Nor is a reversal required for abuse of discretion under *Bettis v. United States, supra.* At the time he entered his plea, appellant conceded through his attorney that he understood the maximum penalty he faced was five years. The penalty he in fact received was one to three years consecutive to the prior sentence, so that the total time of imprisonment appellant must serve (adding the sentence imposed for prison breach to the remainder of appellant's sentence for assault) does not substantially exceed the maximum appellant was aware he might be required to serve.[8] Under these circumstances, the trial court did not err in failing to find manifest injustice sufficient to warrant vacating the judgment and permitting the withdrawal of the plea. *See Smith v. United States*, 116 U.S.App.D.C. 404, 409–10, 324 F.2d 436, 441–42 (1963) (Washington, J., concurring), *cert. denied*, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed. 2d 975 (1964).[9]

*Affirmed.*

8. We note that in practice sentence imposed on a previously convicted individual after a new trial and conviction for a subsequent and unrelated crime is often made consecutive to the earlier sentence. Hence, as a practical matter appellant had little reason to expect a concurrent sentence.

9. The *Smith* decision was rendered prior to the 1966 amendment to Rule 11 requiring a defendant to understand the "consequences"

of his plea as well as the nature of the charges. For the purposes of decision of the case, however, the concurring opinion accepted the proposition that an understanding of the consequences of the plea was essential, and went on to conclude that "manifest injustice" would result "if the defendant [entering the plea] received a sentence *substantially greater* than the maximum he might reasonably have expected." [Supra at 410, 324 F.2d 442; emphasis added.]