**Tyrone L. LUCKEY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 88–770.**

District of Columbia Court of Appeals.

Argued June 21, 1989.
Decided July 25, 1989.

A. Palmer Ifill, Washington, D.C., for appellant.

Gregory E. Jackson, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., Michael W. Farrell, Asst. U.S. Atty., at the time the brief was filed, and Elizabeth Trosman and J. Edward Agee, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and NEWMAN and STEADMAN, Associate Judges.

PER CURIAM:

Appellant appeals from the denial, without a hearing, of his motion to vacate sentence and withdraw his guilty plea, D.C. Code § 23–110 (1981), in which he alleged that he was under the influence of PCP at the time of his plea, mentally retarded, and deprived of the effective assistance of counsel at his plea and at sentencing. Because the files and record show that appellant is entitled to no relief, we affirm.

I

Appellant entered a plea to seven counts of a nineteen count indictment on April 25, 1985, before the late Chief Judge H. Carl Moultrie I, who sentenced him to 49 to 165 years imprisonment. Following the denial

by Judge Moultrie of a motion to reduce sentence, appellant filed, on December 7, 1987, the motion now on appeal alleging that his plea was involuntary. The motions judge denied the motion without a hearing on the grounds that appellant's answers under oath at the time of his plea demonstrated his competence to plead, the record did not support appellant's contentions that he did not fully comprehend the nature of the plea proceeding due to diminished mental capacity caused by drugs and retardation, and his claim of ineffective assistance of counsel was meritless.

On appeal appellant contends that the motions judge erred in denying his motion because (1) the trial judge allowed the court clerk to conduct the Super.Ct.Crim.R. 11 inquiry into the voluntariness of appellant's plea; (2) the plea was not entered voluntarily and intelligently because of appellant's PCP use and psychological problems; and (3) appellant was denied effective assistance of counsel at the plea and sentencing proceedings because trial counsel allowed the plea to go forward even though he knew of defendant's condition and because trial counsel failed to advocate for a more lenient sentence. Appellant also contends that the trial court erred in denying his motion without a hearing.

## II

■ Motions attacking the voluntariness of guilty pleas under D.C.Code § 23–110 will be tested by the "manifest injustice" standard. *See McClurkin v. United States,* 472 A.2d 1348, 1352 (D.C.), *cert. denied,* 469 U.S. 838, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984). On review, we determine whether the trial judge abused his discretion in applying that standard, *id.,* taking into consideration the totality of the circumstances surrounding the plea. *Id.* at 1356. Here, we must also determine whether the trial court erred in disposing of appellant's motions without a hearing, which is required under § 23–110(c) "[u]nless the motions and files and records of the case conclusively show that the pris-

oner is entitled to no relief"; in other words, if the allegations are vague and conclusory, are wholly incredible, or, if true, would merit no relief, no hearing is necessary. *Gibson v. United States,* 388 A.2d 1214, 1216–17 (D.C.1978). In reviewing a motion made pursuant to § 23–110, we presume its allegations are true unless belied by the record. *Id.* at 1216 n. 5 (citing *Bettis v. United States,* 325 A.2d 190, 196 (D.C.1974)).

■ In support of his motion appellant relies solely on the record of the plea and sentencing proceedings. He has filed neither an affidavit nor any other document to support the assertions in his motion. *See, e.g., Ellerbe v. United States,* 545 A.2d 1197, 1199 (D.C.1988); *Miller v. United States,* 479 A.2d 862, 869 (D.C.1984). Upon review of the record that is before us, we find no abuse of discretion by the motions judge.

*First,* ignoring all the questioning that occurred by the court clerk, the record demonstrates that the trial judge conducted an adequate Rule 11 inquiry. *See Gooding v. United States,* 529 A.2d 301, 305–06 (D.C.1987).

*Second,* the record belies appellant's claim that his plea was involuntary because of drug use and retardation. Following his response of "PCP" to the question by the court clerk of whether he was "at this moment under the influence of a narcotic or alcohol," appellant told the trial judge, after conferring with counsel, who requested the question be rephrased, that he had not used drugs within the last 48 hours. Appellant was incarcerated for nearly nine months before entering his plea. There is nothing to suggest that appellant was using drugs while incarcerated and he does not allege that he was.

At sentencing trial counsel informed the judge of appellant's statement to authorities that, prior to his arrest for the indicted offenses, appellant had used up to three bags of PCP a day. Although appellant was subject to a Federal Youth Corrections Act[1] study and a presentencing evaluation,

---

1. Act of Sept. 30, 1950, ch. 1115, § 2, 64 Stat. 1086 (formerly codified at 18 U.S.C. §§ 5005–

Super.Ct.Cr.R. 32(b), he has pointed to nothing that would have alerted the trial judge to the possibility that appellant was under the influence of drugs at the time he entered his plea such that he was incompetent to enter the plea. *See Willis v. United States,* 468 A.2d 1320, 1323 (D.C.1983).

Assuming the truth of the allegations in his motion, appellant's claim still is insufficient to meet the manifest injustice standard for showing a substantive defect in the Rule 11 proceeding. *See Gooding, supra,* 529 A.2d at 305–06. In addition to the trial judge's direct inquiry to appellant about his drug use, the judge inquired of trial counsel and the prosecutor if they knew of any reason appellant's plea should not be accepted and they said they knew of none, and the trial judge found that appellant did not suffer from mental impairment. The plea transcript reveals, contrary to appellant's contention on appeal, that, as the motions judge found, appellant was alert and able to respond intelligently to questions; his responses were not confined to rote yes-no responses. His statements to the trial judge indicate, in the absence of any record evidence to suggest to the contrary, that he was fully able to make his views known to the judge and to understand the nature of the proceedings and the consequences of his plea. No proffer of evidence was made that his pre-arrest drug use rendered him incompetent to plead. *Cf. Durant v. United States,* 551 A.2d 1318, 1326 (D.C.1988).

Similarly, the record belies appellant's claim that he was mentally retarded at the time of the plea. The psychological problems which trial counsel referred to at the time of sentencing focused on appellant's poor self-esteem and not on his competency to enter a plea. The record is barren of the type of information required to have put the trial judge on notice that further inquiry on appellant's competence to plea was required. *See, e.g., Hunter v. United States,* 548 A.2d 806 (D.C.1988); *Willis, supra,* 468 A.2d at 1323.

■ *Third,* appellant's claims of ineffective assistance of counsel also fail. His assertion that he told trial counsel he was under the influence of PCP at the time of his plea is insufficient to entitle him to a hearing on the issue in face of his answers to the trial judge's questions at the plea proceeding, his incarceration prior to the proceeding, trial counsel's statement at sentencing, and the absence of any evidence, or even a proffer, *cf. Durant v. United States, supra,* 551 A.2d at 1326; *Durante v. United States,* 309 A.2d 321, 322 (D.C.1973), that his pre-arrest drug use would have affected his competency to enter a plea nine months later.

■ Furthermore, given the nature of the offenses to which appellant pled guilty, we concur in the presumption that counsel's conduct in not urging leniency, but commitment to a federal institution suited to meet appellant's needs, falls "within the wide range of professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Since the record makes clear that counsel could reasonably anticipate that appellant would be sentenced to a substantial period of incarceration and made a tactical decision to argue for commitment to a facility with services that could meet appellant's needs, no hearing on appellant's § 23–110 motion was required. Even assuming trial counsel's conduct at sentencing fell below the norms required under the first prong of the test in *Strickland, supra,* 466 U.S. at 686, 104 S.Ct. at 2063, counsel's failure to know of the § 5010(c) recommendation under the Federal Youth Corrections Act would not have changed the result. The recommendation was presented to the trial judge as part of the presentence report and he rejected it.

Accordingly, the judgment is

*Affirmed.*

5024), repealed by Pub.L. No. 98–473, Tit. II, § 218(a)(8), 98 Stat. 2027 (1984).