Eric GOODALL, Appellant,

v.

UNITED STATES, Appellee.

No. 89–1224.

District of Columbia Court of Appeals.

Submitted Sept. 11, 1990.
Decided Dec. 19, 1990.

Felicia Dubrovsky, appointed by this court, for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Thomas J. Tourish, Jr., David Schertler, and Margaret A. Flaherty, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, SCHWELB, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Goodall challenges[1] the trial court's denial of his motion, filed pursuant to Super.Ct.Crim.R. 32(e), to withdraw his guilty plea to second-degree murder while armed, D.C.Code §§ 22–2403, –3202 (1989 Repl. & 1990 Supp.). Appellant contends (1) that his plea was not made knowingly and voluntarily, and (2) that he was denied his Sixth Amendment right to effective assistance of counsel. The trial court denied Goodall's motion because it concluded that Goodall had not relied upon the government's plea agreement promise, later discovered to be a nullity, that the government would not oppose his consideration for alternative sentencing in deciding to plead guilty.

We hold that the trial court abused its discretion by summarily denying Goodall's motion. By not inquiring prior to sentencing whether Goodall wanted to adhere to his guilty plea, given a material change of circumstances, the trial court erred because it neglected its duty to ensure that Goodall was not entering a guilty plea premised upon manifestly incorrect information. The trial court repeated that error by summarily denying appellant's motion for relief. Accordingly, we remand the case to the trial court for further proceedings consistent with this opinion.

According to the evidence proffered by the government at the plea proceeding on March 29, 1989, the murder in question arose from an illegal drug transaction. The decedent, who was negotiating the purchase of crack cocaine from Darryl Morgan, Goodall's companion, grabbed the drugs out of Morgan's hand without paying and fled. Morgan chased the decedent, caught him, and began beating him. Goodall and others joined the attack. During the ensuing attack Goodall stabbed the decedent repeatedly, inflicting the injuries resulting in his death. Soon thereafter, Goodall was arrested and indicted for first-degree murder while armed.

Before trial, Goodall entered into a plea agreement. Goodall agreed to plead guilty to second-degree murder while armed. In exchange, the government agreed to dismiss the first-degree murder charge and not to oppose a study, conducted pursuant to the Youth Rehabilitation Amendment Act of 1985,[2] to determine whether Goodall would benefit from alternative sentencing. Apparently, at this point, the judge, the prosecutor, and defense counsel all failed to realize that those convicted of murder were ineligible for alternative sentencing under the terms of the Youth Rehabilita-

---

1. Appellant informs us that his notice of appeal was filed one day after the thirty-day deadline provided by Court of Appeals Rule 4(b). D.C. App.R. 4(b)(1). The order denying appellant's motion was issued on September 5, 1989, and appellant did not file his notice of appeal until October 6 of that year. In this case, however, the order was entered outside the presence of the parties and counsel without previous notice to them, so it was not considered entered for

Rule 4(b) purposes until five days after it was mailed to the parties. D.C.App.R. 4(b)(4). Since notice of the order was mailed to the parties on September 5, 1989, appellant's October 6 notice of appeal was timely.

2. D.C.Code § 24–801 et seq. (1989 Repl. & 1990 Supp.).

tion Act.[3] Unaware of his ineligibility and therefore that part of the government's promise was null, Goodall entered a guilty plea to second-degree murder.

On May 23, the court deferred Goodall's sentencing pending his YRA study. At a sentencing hearing on May 30, the trial court revealed that the Court's Legal Assistance Branch had informed the court that Goodall's murder conviction precluded his consideration for alternative sentencing under the Youth Rehabilitation Act. At this point, rather than inquire as to whether Goodall wanted to adhere to his plea since the government's second promise had been a nullity, the trial court sentenced Goodall to not less than fifteen years-to-life imprisonment for second-degree murder.

On August 18, Goodall moved pursuant to Super.Ct.Crim.R. 32(e) to withdraw his guilty plea and vacate his murder conviction claiming (1) that the trial court failed to fulfill its obligations under Super.Ct. Crim.R. 11, and (2) that he was denied his Sixth Amendment right to effective assistance of counsel. He asserted that the failure of the trial court and his counsel to apprise him that he was ineligible for alternative treatment resulted in prejudice in that had he known of his ineligibility, he would not have pleaded guilty. This appeal followed the trial court's denial of Goodall's motion.

■■■ The decision to grant or deny a Rule 32(e) motion is committed to the sound discretion of the trial court; its decision will be upheld on appeal absent an abuse of discretion. *Lorimer v. United States*, 425 A.2d 1306, 1308 (D.C.1984). Where the trial court's denial of a Rule 32(e) motion is an abuse of discretion, this court can reverse that decision,[4] or it can order other relief determined to be appropriate. We conclude that, under the circumstances of this case, the trial court's decision to deny Goodall's motion was

analogous to summarily denying a motion filed pursuant to D.C.Code § 23–110 (1989 Repl.).[5] Accordingly, we consider the standard for denying a § 23–110 motion without a hearing.

■ When a prisoner files a motion pursuant to § 23–110, the court must hold a hearing unless the motion, files, or other accompanying data conclusively show that he is not entitled to relief. D.C.Code § 23–110(c) (1989 Repl.); *Gaston v. United States*, 535 A.2d 893, 898 (D.C.1988). We have interpreted § 23–110(c) to allow the summary denial of three types of § 23–110 motions: (1) those that are "palpably incredible," *Gaston, supra*, 535 A.2d at 899 (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)); (2) those that are based on assertions which, even if true, would not constitute a claim which entitles the movant to relief, *id.;* and (3) those which are so vague that they fail to state any legal basis for action by the court. *Pettaway v. United States*, 390 A.2d 981 (D.C.1978).

■ The trial court summarily denied Goodall's motion because it concluded that Goodall had not relied upon receiving alternative sentencing when he entered his guilty plea, and therefore, that his claim was meritless. The court reasoned that because Goodall knew that he might not receive alternative sentencing, his failure to receive alternative sentencing was within the realm of possibilities anticipated at the time he entered his guilty plea. At this point, the trial court had an obligation to inquire, prior to imposing sentence, whether Goodall wanted to adhere to his plea in light of changed circumstances. However, instead, the trial court summarily concluded that Goodall had not relied upon the alternative sentencing when he decided to enter his guilty plea because his eligibility was never definite. The trial court's fail-

---

3. D.C.Code § 24–801(6) (1989 Repl.) (excluding persons convicted of murder).

4. *E.g., Byrd v. United States*, 377 A.2d 400 (D.C. 1977).

5. Whether a movant invokes Super.Ct.Crim.R. 32(e) or § 23–110 as the vehicle for a post-sen-

tencing motion to withdraw a guilty plea, the standard remains "to correct manifest injustice." *McClurkin v. United States*, 472 A.2d 1348, 1352 (D.C.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 136, 83 L.Ed.2d 76 (1984).

ure was a violation of a core concern of Rule 11 [6] and therefore error. The trial court repeated its error when it again failed to inquire whether Goodall wanted to adhere to his plea in light of the changed circumstances before ruling on Goodall's motion. Accordingly, the trial court abused its discretion in summarily denying the claim now before us.

The issue presented by Goodall's motion does not arise because Goodall failed to receive alternative sentencing. Rather, the question is whether manifest injustice results where a trial court accepts a guilty plea unknowingly based, in part, on manifestly incorrect information. In this case, Goodall's claim suggests that he did not know the direct consequences of his plea, *i.e.*, the full range of his punishment. Goodall contends that at the time he pleaded guilty he was led to believe that the range of possible punishment included the possibility of alternative sentencing. Assuming the facts presented to be true, then, Goodall was materially misinformed to the extent that he was led to believe that consideration for alternative sentencing was available to him. As a result, unknown to Goodall, the government's promise not to oppose consideration for alternative sentencing was worthless when that promise was made to Goodall in exchange for his guilty plea.

■ In order to plead intelligently, a defendant must know the direct consequences of a plea. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). The consequences of a plea are direct when they have a definite and immediate impact on the range of defendant's punishment. *Gaston v. United States, supra*, 535 A.2d at 895, (citing *Cuthrell v. Director*, 475 F.2d 1364, 1365 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973)). Accordingly, a defendant must be informed of the full range of possible punishment, including any mandatory minimum sentence required. Knowing the range of pun-

ishment is not limited to knowing just the maximum sentence possible.

■ It is settled that a court errs if it accepts a guilty plea not entered into voluntarily and intelligently. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). A valid guilty plea must represent a voluntary and intelligent choice by the defendant between available alternatives. *Byrd v. United States, supra* note 4, 377 A.2d at 404, (citing *Boykin v. Alabama, supra* ). Overwhelming proof of a defendant's guilt proffered by the government does not overshadow the fundamental right of a defendant to choose between proceeding to trial or, in the alternative, making a voluntary and intelligent waiver of that right and other rights pursuant to a plea agreement. *See Byrd v. United States, supra* note 4, 377 A.2d at 405.

In *Hicks v. United States*, 362 A.2d 111 (D.C.1976), we held that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea to prison breach. In *Hicks*, the trial court erred by failing to inform Hicks at the plea proceeding that a sentence for prison breach must run consecutive to a sentence being served at the time of his escape. We concluded, however, that no manifest injustice resulted from the court's harmless error because the plea proceeding otherwise satisfied the requirements of Rule 11 and the appellant's sentence was not substantially longer than he believed was possible at the time of his plea. *Id.* at 113–14. However, the holding in *Hicks* does not dictate the same result in this case.

■ The defect in Goodall's plea proceeding was not that he was given a longer sentence than he believed possible, but that he was precluded, unknowingly at the time, from any possibility of alternative sentencing. Although Goodall knew he could be sentenced to life imprisonment, even a remote possibility of alternative sentencing never existed. That a sentence imposed

---

6. Rule 11(d) ensures that no promises outside the plea agreement were made to induce a guilty plea. Unenforceable promises can wrongly induce a plea as much as promises made outside the plea agreement. *See Gaston v. United States, supra*, 535 A.2d at 893.

remains less than the maximum possible does not cure a trial court's error of accepting a plea when that plea is based upon manifestly incorrect information.

This case is analogous to *Gaston v. United States, supra.* In that case, Gaston was led to believe that she would be eligible for the addict exception to the mandatory minimum sentencing requirement of the Uniform Controlled Substances Act. The government had promised not to contest any evidence of her addiction. However, at allocution, the government pointed out that Gaston was ineligible for the addict exception. The trial court then imposed a mandatory minimum sentence. In reversing the trial court's denial of Gaston's § 23–110 motion, this court held that the trial court has a "duty to ensure that defendants do not decide to plead guilty based on manifestly wrong information." *Gaston v. United States, supra,* 535 A.2d at 897.

▉▉▉▉ Withdrawing a guilty plea post-sentencing requires a showing that manifest injustice would otherwise result. *Luckey v. United States,* 562 A.2d 130, 132 (D.C.1989). The difference between some possibility of alternative sentencing and no possibility of alternative sentencing is too significant to be dismissed summarily. In this case, the distinction is enough to warrant inquiring whether Goodall wanted to adhere to a guilty plea that was based, in part, upon manifestly incorrect information and affording him an opportunity to withdraw his guilty plea [7] to correct a manifest injustice.

Since we conclude that the trial court abused its discretion by summarily denying the motion for the reasons stated, we need not address the claim that Goodall was denied his Sixth Amendment right to effective assistance of counsel. Accordingly, we reverse the denial of the motion and we remand the case for either a hearing or other such relief as the trial judge may determine to be appropriate consistent with this opinion.

*So ordered.*

---

**7.** Either specific performance or an opportunity to withdraw a guilty plea should be available to a defendant who is being deprived of the benefit of his plea agreement. *See Santobello v. New York, supra,* 404 U.S. at 262–63, 92 S.Ct. at 498–99 (government breach of plea agreement). In this case, however, specific performance would not be an available remedy.